ROB L. PHILLIPS, ESQ.
Nevada Bar No. 8225
TYLER R. ANDREWS, ESQ.
Nevada Bar No. 9499
Phillipsr@gtlaw.com
andrewst@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHAR, INC.,

Plaintiff,

v.

INAG, INC.; MARK H. JONES both individually and as Trustee of the JONES FAMILY TRUST;

Defendants.

Case No.:

**COMPLAINT**

COMES NOW Richar, Inc. ("Richar"), by and through their counsel Tyler R. Andrews, Esq. and Rob L. Phillips, Esq. of the law firm of Greenberg Traurig, LLP, and for its Complaint against Defendants INAG, Inc. ("INAG") and Mark H. Jones, both individually and as Trustee of the Jones Family Trust ("Jones") hereby allege and complain as follows:

**JURISDICTION AND VENUE**

1. This is an action involving a determination of non-infringement of a patent under 35 U.S.C. § 271, and related claims.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3. This court has personal jurisdiction over Defendants because (a) Defendants are residents of Nevada and (b) Defendants have and continue to transact business in Nevada.

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§1391(b), 1391(c), 1391(d) and 1400(b).

**PARTIES**

5. Plaintiff Richar is an Oklahoma corporation, with a primary place of business in Las Vegas, Nevada.

6. Defendant INAG is a Nevada corporation with a primary place of business in Minden, Nevada.

7. Defendant Jones is an individual residing in Minden, Nevada. Jones is the founder and principal shareholder of INAG. Jones is also a Trustee of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013 (collectively, "Jones").

**GENERAL ALLEGATIONS**

8. Plaintiff Richar is an inventor, owner, and distributor of casino games, including but not limited to "RICHER ROULETTE," a unique variation to traditional roulette played without a roulette ball in jurisdictions prohibiting the use of the same. Richer Roulette also utilizes various side bets not found in a traditional roulette game.

9. RICHER ROULETTE is subject to a pending patent application directed to the apparatus and side bets.

10. On or around February 3, 2016, Richar received a demand letter from INAG alleging that Richer Roulette was infringing U.S. Patent No. 7,669,853 (the "'853 Patent") entitled "Card Shuffling Machine," purportedly owned by Defendant Jones and licensed to INAG.

11. After investigating the matter, Richar and its counsel determined that INAG's allegations concerning the '853 Patent were without merit, and that Richer Roulette did not, and does not, infringe the claims of the '853 Patent, either literally or under the doctrine of equivalents.

12. On or around February 26, 2016, counsel for Richar responded to INAG to explain in detail why Richer Roulette did not infringe the '853 Patent, and to request that INAG refrain from any disruptions to Richar's business activities or interference with its business

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

relationships.

13. INAG did not heed Richar's request to refrain from disrupting or interfering Richar's business activities. To the contrary, on or around March 25, 2016, INAG and Mark Jones made false statements on Richar's public Facebook profile, stating that Richer Roulette was "not compliant with CA law" and that "INAG will be going after this game as an infringement to our patents."

14. On or around March 31, 2016, INAG and Jones contacted known potential customers of Richar and made several knowingly false statements to such potential customers, including but not limited to (1) that INAG was "in litigation" with Richar, Inc., (2) that the Richer Roulette product was "removed" from the Valley View Casino in Valley Center, California, and (3) that Richer Roulette does not conform to state and federal gaming regulations.

15. On or around March 31, 2016, INAG and Jones sent a letter regarding Richer Roulette to various known customers of Richar and known potential customers of Richar. The letter contained numerous falsehoods, including but not limited to (1) that INAG filed a patent infringement lawsuit "against Richar Fitoussi and Richar Roulette," (2) that transportation of Richer Roulette across state lines is prohibited and "a violation of the Johnston Act and carries a 1 year minimum jail sentence," (3) that INAG will "be forced to bring in the California Bureau of Gambling Control as well as the Nevada Gaming Control Board" and that "two judges have been assigned this case."

16. Jones' and INAG's various letters and statements regarding Richer Roulette have caused substantial and irreparable harm to Richar's contractual relationships and to Richar's prospective economic gains.

17. On or around April 21, 2016, Richar received express confirmation from the Audits and Compact Compliance Section of the California Department of Justice Bureau of Gambling Control that the Richer Roulette product "does not need a shipment notification" in order to lawfully cross state lines.

18. In or around April of 2016, Richar became aware of a lawsuit filed by INAG and Jones containing one claim for patent infringement against "RICHAR, LLC," an unrelated

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

business entity conducting real estate transactions, and with no connection to Richar, Inc., or to Richer Roulette. The "RICHAR, LLC" lawsuit does not appear to have been served by INAG or its counsel.

19. In making false public statements and sending letters to known existing and potential customers of Richar regarding Richer Roulette, INAG and Jones have intentionally interfered with the contracts and potential economic advantages of Richar.

20. In making false public social media posts and in sending letters containing false statements about Richar to numerous third parties, INAG and Jones have defamed Richar and have cast Richar in a false light among its customers and the consuming public.

21. The actions of INAG and Jones have caused uncertainty to Richar and unfarily threaten the long term financial integrity of Richar and the Richer Roulette product.

22. Based on the foregoing, Richar is entitled to a judgment that it has not infringed the '853 Patent.

23. Based on the foregoing, Richar is entitled to a judgment that the '853 Patent is invalid and/or unenforceable.

24. Based on the foregoing, Richar is entitled to immediate equitable relief, including a temporary restraining order, and a preliminary and permanent injunction, preventing Jones and INAG from any further false and/or defamatory statements concerning Richer Roulette, which are causing substantial and irreparable harm to Richar.

25. Based on the foregoing, Richar is entitled to further legal and equitable relief, including but not limited to, (i) compensatory and special damages, (ii) punitive damages, and (iii) reimbursement of all incurred attorney's fees and costs.

## FIRST CAUSE OF ACTION
## Intentional Interference With Contractual Relations

26. The preceding allegations are hereby re-alleged and incorporated herein by this reference.

27. At all times herein relevant, INAG and Jones were and remain fully aware that Richar has entered into various contracts and agreements regarding Richer Roulette with third

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

parties, including but not limited to Valley View Casino in Valley Center, California.

28. Through their public statements and letters concerning Richer Roulette, INAG and Jones have deliberately interfered with Richar's contractual relationships, and have prevented or interfered with Richar's ability to from fulfill certain obligations required under such contracts.

29. The wrongful and intentional acts on the part of INAG and Jones in interfering with Richar's integral third-party contracts were designed to interfere with and disrupt those contractual relationships.

30. INAG and Jones have no legal right, privilege or justification for their conduct.

31. As a direct, proximate and legal result of the disruption of the contractual relationships between Richar and various third parties, Richar has suffered harm in an amount exceeding $75,000.00, in an amount to be proven at trial.

32. Furthermore, since Defendants' conduct has made it necessary for Richar to engage the services of legal counsel to file this suit, Richar is entitled to recover its reasonable attorney fees and court costs incurred in connection herewith.

**SECOND CAUSE OF ACTION**
**Intentional Interference with Prospective Economic Advantage**

33. The preceding allegations are hereby re-alleged and incorporated herein by this reference

34. At all times herein relevant, INAG and Jones were and remain fully aware that Richar is seeking prospective customers for its Richer Roulette product from various third parties, including but not limited to Agua Caliente Casino in Rancho Mirage, California.

35. Through their public statements and letters concerning Richer Roulette, INAG and Jones have deliberately interfered with Richar's prospective economic advantage, and have prevented or interfered with Richar's ability to legitimately compete with INAG and secure new customers for Richer Roulette.

36. The wrongful and intentional acts on the part of INAG and Jones in interfering with Richar's prospective customers were designed to disrupt legitimate competition by Richar,

and bore no legitimate purpose other than to attempt to prevent Richar from gaining revenue through the sale of the Richer Roulette product.

37. INAG and Jones have no legal right, privilege or justification for their conduct.

38. As a direct, proximate and legal result of the disruption of the contractual relationships between Richar and various third parties, Richar has suffered harm in an amount exceeding $75,000.00, in an amount to be proven at trial.

39. Furthermore, since Defendants' conduct has made it necessary for Richar to engage the services of legal counsel to file this suit, Richar is entitled to recover its reasonable attorney fees and court costs incurred in connection herewith.

**THIRD CAUSE OF ACTION**
**Declaration of Non-Infringement**

40. The preceding allegations are hereby re-alleged and incorporated herein by this reference.

41. Given the foregoing allegations, a justiciable controversy has arisen between Richar and Defendants with respect to the '853 Patent and whether or not Richer Roulette infringes the '853 Patent.

42. Richar is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, and valid any enforceable claim of the '853 Patent.

**FOURTH CAUSE OF ACTION**
**Declaration of Invalidity**

43. The preceding allegations are hereby re-alleged and incorporated herein by this reference.

44. Given the foregoing allegations, a justiciable controversy has arisen between Richar and Defendants with respect to the '853 Patent and the validity thereof.

45. Richar is entitled to a declaratory judgment that the '853 Patent is invalid and/or unenforceable under 35 U.S.C. §§ 101, 102, 103 and/or 112.

///

///

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**FIFTH CAUSE OF ACTION**
**Defamation**

46. The preceding allegations are hereby re-alleged and incorporated herein by this reference.

47. Defendants, and each of them, made false and defamatory statements concerning Richar to the public at large through the posting of false and materially misleading statements on social media and in writing letters to various third parties concerning Richer Roulette.

48. Defendants' public writings concerning Richer Roulette contain numerous false statements, including, but not limited to, the following:

- (1) that INAG filed a patent infringement lawsuit "against Richar Fitoussi and Richar Roulette,"
- (2) that transportation of Richer Roulette across state lines is prohibited and "a violation of the Johnston Act and carries a 1 year minimum jail sentence,"
- (3) that INAG will "be forced to bring in the California Bureau of Gambling Control as well as the Nevada Gaming Control Board" and that "two judges have been assigned this case."
- that Richer Roulette violates state and federal gaming law and applicable tribal compacts

49. Defendants' statements were false.

50. Defendants' statements were intentionally misleading and/or made with reckless disregard for the falsity of the statements such that they were made with actual malice.

51. Defendants made these statements to third persons, specifically the public at large, by posting them on various social media platforms and by sending written letters to potential and existing customers of Richar.

52. Defendants' statements were not privileged in any manner. Specifically, Defendants' statements were not made in good faith as even after being advised of the facts disputing the false representations, Defendants have not retracted their statements and have instead stood by their original story.

53. Defendants were at least negligent in making the false and defamatory statements.



GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

54. Defendants made the statements with actual malice as they knew of the falsity of their statements and continue to perpetuate the false statements to this day.

55. Even if Defendants did not knowingly make the false statements at the time first published, they at least made the false and defamatory statements with a reckless disregard for the truth of those statements in light of the information provided to them when the false statements first came to light.

56. Because the false statements implicate Richar's fitness for a particular trade, business, and profession, the statements constitute defamation *per se*.

57. Because the false statements insinuate that Richar is involved in the commission of criminal activities, the statements constitute defamation *per se*.

58. Richar has sustained harm to its goodwill and/or business reputations as a result of the false statements.

59. As a direct and proximate result of the acts and omissions of Defendants, Richar has suffered and will continue to suffer direct, special, incidental and consequential damages in an amount to be proven at trial, but in any event in excess of $75,000, plus pre- and post-judgment interest.

60. In committing the acts herein above alleged, Defendants are guilty of oppression, fraud and malice towards Richar. Therefore, Richar is entitled to recover punitive damages from Defendants for the purpose of deterring them and others similarly situated from engaging in like conduct in the future.

## SIXTH CAUSE OF ACTION
## Trade Libel

61. The preceding allegations are hereby re-alleged and incorporated herein by this reference.

62. As alleged in detail above, commencing in or around March of 2016, Defendants, without justification or privilege, published and communicated to third persons various oral and written statements disparaging Richar and its products, including without limitation, the false allegations that:

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

- (1) that INAG filed a patent infringement lawsuit "against Richar Fitoussi and Richar Roulette,"
- (2) that transportation of Richer Roulette across state lines is prohibited and "a violation of the Johnston Act and carries a 1 year minimum jail sentence,"
- (3) that INAG will "be forced to bring in the California Bureau of Gambling Control as well as the Nevada Gaming Control Board" and that "two judges have been assigned this case."
- (4) that Richer Roulette violates state and federal gaming law and applicable tribal compactsThe chance of iPayment defaulting on its financial covenants is "100%."

63. At the time they were made, Defendants either knew that the misstatements that comprised their smear campaign against Richar were false, or they acted with reckless disregard of the falsity of their misstatements.

64. As a direct and proximate result of Defendants' acts, statements, and conduct, Richar has suffered and will continue to suffer general and special damages, including lost profits, in an amount to be proven at trial.

65. As a further proximate result of Defendants' actions, Richar has suffered and will suffer immediate and irreparable injury that is not compensable by money damages, such that a preliminary and permanent injunction should issue against Defendants. Unless restrained by this Court, Defendants will continue to harm Richar through his false and deceptive smear campaign.

66. Richar is informed and believes, and based thereon alleges, that Defendants have engaged in the conduct alleged above with a conscious disregard of Richar's rights, and with an intent to vex, maliciously injure, and annoy in a manner that constitutes oppression, fraud or malice, thereby entitling Richar to punitive damages.

67. As a direct and proximate result of the acts and omissions of Defendants, Richar has suffered and will continue to suffer direct, special, incidental and consequential damages in an amount to be proven at trial, but in any event in excess of $75,000, plus pre- and post-judgment interest.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Richar prays for judgment against Defendants as follows:

1. For a declaration that Richar has not infringed any valid and enforceable claim of the '853 Patent, either directly or indirectly or under the doctrine of equivalents.

2. For a declaration that the '853 Patent is invalid and/or unenforceable under '853 Patent is invalid and/or unenforceable under 35 U.S.C. §§ 101, 102, 103 and/or 112.

2. For declaratory and injunctive relief preventing Defendants from further false or defamatory statements regarding Richar and/or Richer Roulette.

3. For all damages incurred through Defendants' tortious conduct, including compensatory, special, and punitive damages, and all reasonably attorney's fees and costs incurred by Richar related to this dispute.

4. An order declaring that Richar is the prevailing party and that this is an exceptional case, awarding Richar its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. §285 and all other statutes, rules and common law; and

5. For an award of such other and further relief as this Court deems just and proper under the circumstances.

DATED this 8th day of June, 2016.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Tyler R. Andrews*

TYLER R. ANDREWS, ESQ.
Nevada Bar No. 9499
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff*