**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INAG, INC., a Nevada corporation, <br><br> and <br><br> MARK H. JONES and SHERYLE L. JONES as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013, <br><br> Plaintiffs, <br><br> v. <br><br> RICHAR, INC., an Oklahoma corporation, <br><br> Defendant. | CASE NO. 2:16-cv-00722-RFB-GWF <br><br> Consolidated with Case No. 2:16-cv-01282-RCJ-CWH <br><br> **JOINT MOTION TO CONSOLIDATE CASE NO. 2:16-CV-00722-RFB-GWF AND CASE NO. 2:16-CV-01282-RCJ-CWH** |

COME NOW all parties in this case, *INAG, INC. and MARK H. JONES and SHERYLE L. JONES as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust v. RICHAR, INC.,* Case No. 2:16-cv-00722-RFB-GWF (the "**INAG Case**"), and all parties in *RICHAR, INC. v. INAG, INC.; MARK H. JONES, both individually and as Trustee of the JONES FAMILY TRUST,* Case No. 2:16-cv-01282-RCJ-CWH (the "**Richar Case**"), by and through their attorneys of record, and hereby submit their Joint Motion to Consolidate Case No. 2:16-cv-00722-RFB-GWF and Case No. 2:16-cv-01282-RCJ-CWH, in accordance with Fed. R. Civ. P. 42(a)(2) and on the grounds that the two matters involve the same parties and common issues and questions of law and fact.

This Joint Motion to Consolidate is based upon the papers and pleadings on file with the

1

Court, the following Memorandum of Points and Authorities, and any oral argument the Court may entertain on this Motion.

Dated this 3rd day of August, 2016.

| **DICKINSON WRIGHT, PLLC** | **GREENBERG TAURIG, LLP** |
|---|---|
| /s/ John L. Krieger | /s/ Tyler R. Andrews |
| JOHN L. KRIEGER | ROB L. PHILLIPS |
| Nevada Bar No. 6023 | Nevada Bar. No. 8225 |
| Email: jkrieger@dickinson-wright.com | TYLER R. ANDREWS |
| 8363 West Sunset Road, Suite 200 | Nevada Bar No. 9499 |
| Las Vegas, Nevada 89113 | 3773 Howard Hughes Parkway, Suite 400 North |
| Tel: (702) 550-4400 | Las Vegas, Nevada 89169 |
| Fax: (702) 382-1661 | Tel: (702) 792-3773 |
| *Attorney for INAG, Inc., and Mark H. Jones and Sheryle L. Jones as trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust* | Fax: (702) 792-9002 |
|  | *Attorneys for Richar, Inc.* |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

- **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 42(a)(2), this Court should consolidate the Richar Case, the later filed case, into the INAG Case because both cases involve the same parties and common issues and questions of law and fact. Upon discussion of counsel for all parties to these actions, for the reasons discussed below, the undersigned attorneys have agreed to consolidation of the Richar Case and the INAG case.

- **STATEMENT OF FACTS**

On March 31, 2016, the INAG case was initiated. Plaintiffs INAG, Inc. and Mark H. Jones and Sheryle L. Jones as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust (collectively, "**INAG**") filed suit against Defendant Richar, LLC in Case No. 2:16-cv-00722-RFB-GWF. After filing, INAG discovered that the proper entity to be named, previously identified as Richar, LLC, was in fact Richar, Inc. To correct this clerical error, INAG subsequently filed its First Amended Complaint naming the proper Defendant, Richar, Inc. ("**Richar**") on June 27, 2016. (See INAG Case Amended Complaint, attached hereto as **Exhibit**

2

**1**).

Prior to filing of the corrected pleading in the INAG Case, Richar filed suit against the same parties to the INAG Case in a separate action on June 8, 2016, Case No. 2:16-cv-01282-RCJ-CWH. (See Richar Case Complaint, attached hereto as **Exhibit 2**).

Not only do both the INAG Case and the Richar Case involve the same parties, but both matters stem from an alleged infringement of a single patent, U.S. Patent No. 7,669,853 (the "'853 patent") entitled "Card Shuffling Machine." Both parties agree that, absent consolidation of the INAG case and the Richar Case, the separate cases could result in an inconsistent judgment for the same alleged infringement, resulting in substantial injustice. Because both matters share common issues of law and fact, and because consolidation would promote judicial efficiency and the interests of justice, INAG and Richar request that the INAG case and the Richar Case be consolidated.

- **LEGAL ARGUMENT**
  - **This Court has broad discretion to consolidate two related cases.**

Fed. R. Civ P. 42(a)(2) provides a mechanism for the Court to ensure that all common claims and questions of fact are tried in a central proceeding. Fed. R. Civ. P. 42, in pertinent part, that:

> (a) *Consolidation.* If actions before the court *involve common questions of law or fact*, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) *consolidate the actions*; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (emphasis added). Consolidation is within the discretion of the trial court, to avoid unnecessary costs or delays or as a matter of convenience. *Hadel v. Willis Roof Consulting, Inc.,* 2011 WL 484289, at *1 (D.Nev. 2011) ("[W]hether actions should be consolidated under Rule 42(a) is a matter committed to the trial court's discretion."); *see also Mikulich v. Carner,* 68 Nev. 161, 228 P.2d, 257 (1957).

"If the court determines that common questions are present it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay,

3

confusion, or prejudice that may result." *Hadel*, 2011 WL 484289, at *1; *see also Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."). Consolidation is appropriate where "both of the related actions involve the same parties, and the same or similar issues of law and fact." *Fosbre v. Las Vegas Sands Corp.*, 2010 WL 3522278, at *1 (D.Nev. 2010); *see also United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 143 (D. Del. 1999) ("[F]actors in . . . favor of consolidation . . . include[e] overlapping parties . . ., similar claims based on common facts and transactions, and discovery overlap.").

Once the Court has determined that the two proceedings involve a common party and common issues of fact or law, "the motion to consolidate ordinarily will be granted unless the opposing party shows 'demonstrable prejudice.'" *In re Pri Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (quoting *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)).

- **Consolidation is appropriate because both the INAG Case and Richar Case involve the same parties and the same or similar issues of law and fact.**

This Court should consolidate the INAG Case and the Richar Case pursuant to Fed. R. Civ. P. 42(a)(2) because the cases at issue involve the same parties and similar issues of law and fact. First, as noted above, matters involving the same parties are apt candidates for consolidation. Here, both cases involve the same parties, INAG, Inc. and the Jones Family Trust on one side, and Richar, Inc. on the other. Second, both cases involve similar issues of law and fact. The latter case, the Richar Case, was initiated after Richar became aware of the INAG Case, and that INAG named Richar, LLC, not the proper entity, Richar, Inc.  Importantly, the cases revolve around the same issue: an alleged infringement of the '853 patent. Accordingly, consolidation of these two cases is proper because they involve the same parties and common issues of law and fact.

Moreover, both parties agree that additional factors for consideration support

consolidation. Indeed, there is no inconvenience, delay, confusion, or prejudice to any party which would result from consolidation. *See Huene,* 743 F.2d at 704. The INAG Case is seeks relief from infringement of the '853 patent. Likewise, the Richar case revolves around those allegations of infringement claiming, *inter alia*, INAG's allegations are false and have resulted in adverse consequences to Richar. Having the two actions heard before this Court in a consolidated action would achieve the same result in a more expeditious fashion. For these reasons, the cases should be consolidated.

- **CONCLUSION**

A clear overlap of law and fact exists between the two matters outlined above, separate adjudication of which would be inefficient and could result in inconsistent judgment on the same or substantially similar issues. Thus, consolidation of the matters is justified. For the foregoing reasons, both parties, by and through their attorneys of record, respectfully request this Court to issue an Order to consolidate Case No. 2:16-cv-00722-RFB-GWF and Case No. 2:16-cv-01282-RCJ-CWH into one lawsuit in order to avoid unnecessary costs, avoid potentially inconsistent results, and to further the interests of judicial economy.

Dated this 3rd day of August, 2016.

| DICKINSON WRIGHT, PLLC | GREENBERG TRAURIG, LLP |
|---|---|
| /s/ John L. Krieger | /s/ Tyler R. Andrews |
| JOHN L. KRIEGER | ROB L. PHILLIPS |
| Nevada Bar No. 6023 | Nevada Bar. No. 8225 |
| Email: jkrieger@dickinson-wright.com | TYLER R. ANDREWS |
| 8363 West Sunset Road, Suite 200 | Nevada Bar No. 9499 |
| Las Vegas, Nevada 89113 | 3773 Howard Hughes Parkway, Suite 400 North |
| Tel: (702) 550-4400 | Las Vegas, Nevada 89169 |
| Fax: (702) 382-1661 | Tel: (702) 792-3773 |
| *Attorney for INAG, Inc., and Mark H. Jones and Sheryle L. Jones as trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust* | Fax: (702) 792-9002 *Attorneys for Richar, Inc.* |

IT IS SO ORDERED.
DATED: August 19, 2016.

_____
ROBERT C. JONES

IT IS SO ORDERED

DATED: August 11, 2016

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**